**IT IS ORDERED as set forth below:**



Date: August 10, 2021

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| IN RE: | |
| JEREMY WHITNEY ADAMS, | CASE NO. 19-42806-PWB |
| Debtor. | |
| | CHAPTER 7 |
| 1ST FRANKLIN FINANCIAL CORPORATION, | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING |
| v. | NO. 21-4007-PWB |
| JEREMY WHITNEY ADAMS, | |
| Defendant. | |

## ORDER VACATING ENTRY OF DEFAULT

On July 14, 2021, the Clerk of Court entered default against the Debtor/Defendant, Jeremy Whitney Adams, based upon his failure to plead or otherwise defend in this dischargeability action. The Debtor requests the Court vacate the default so that he may defend on the merits. For the reasons stated herein, the Debtor's motion is granted.

The Plaintiff, First Franklin Financial Corporation, filed its complaint asserting its debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6) on June 4, 2021. The Clerk issued the summons the same day and, accordingly, the Debtor's response was due July 7, 2021. The Debtor did not respond, and the Plaintiff sought entry of default on July 13, 2021.

The next day, July 14, 2021, two events occurred. The Clerk entered default at 8:14 a.m. and the Debtor filed an answer to the Complaint at 9:59 a.m. A week later, the Debtor filed his motion to set aside the default, which the Plaintiff opposes.

The Court may set aside entry of default for "good cause." FED. R. CIV. P. 55(c), *made applicable by* FED. R. BANKR. P. 7055. The Court has discretion to set aside an entry of default. *Turner Broadcasting System, Inc. v. Sanyo Elec., Inc.,* 33 B.R. 996 (N.D. Ga. 1983).

Courts consider a number of factors in determining whether "good cause" exists including, but not limited to, (1) whether the defaulting party presents a meritorious defense; (2) whether the failure to act was willful; (3) whether the defaulting party acted

2

promptly to cure the default; (4) whether setting aside the default would prejudice the adversary; (5) whether there is a matter of public interest; and (6) whether the defaulting party has suffered a significant financial loss. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

The Debtor's attorney concedes that he was served with the summons and complaint but asserts that his failure to timely file an answer was due to a mistaken failure to calendar a reminder to draft and file an answer. He contends that when he noticed the entry of default, he immediately filed an answer. He also asserts that the parties' representatives had discussed the matter and that it was "abundantly clear" that the Debtor contested the complaint. [Doc. 7, ¶ 5].

The Plaintiff argues that the motion should be denied because the Debtor has not presented a plausible excuse for the default, he has no meritorious defense, and the Plaintiff will be prejudiced by having to spend time and money prosecuting an action where the Debtor has made denials without factual support. [Doc. 8].

The Court concludes that good cause exists for vacating the entry of default. The Plaintiff sought entry of default only six days after the Debtor's response deadline. While the filing of a motion for entry of default so quickly is diligent and completely permissible, it is, perhaps, unusual especially if the parties' representatives had prior discussions. The Debtor acted promptly in filing an answer an hour and a half after he noticed the entry of default and later in filing the motion to vacate the default. Further, nothing suggests that the Debtor's failure to respond was willful; a Debtor should not be penalized for his counsel's inadvertence or mistake in these circumstances.

3

Whether the Debtor has asserted a "meritorious defense" is a more difficult question. The Plaintiff contends that the Debtor's answer fails to raise a meritorious defense, citing *Southwest Georgia Farm Credit ACA v. Justice (In re Justice)*, 330 B.R. 872, 875 (Bankr. M.D. Ga. 2005), for the proposition that "[g]eneral denials and conclusive statements are insufficient; the [defendant] must present a factual basis for his claim."

Rule 8 of the Federal Rules of Civil Procedure, made applicable by FED. R. BANKR. P. 7008, requires that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party. FED. R. CIV. P. 8(b)(1)(A) and (B). In addition, a denial must "fairly respond to the substance of the allegation." FED. R. CIV. P. 8(b)(2). Requiring a debtor to present something more – "a factual basis for his claim" -  is more akin to the standard for a motion for summary judgment; that is a higher bar than the Federal Rules governing pleading explicitly require. *See* FED. R. CIV. P. 56(c).

The Court concludes that the Debtor's answer satisfies the "meritorious defense" element. Just like the phrase "good cause," the phrase "meritorious defense" is not defined. The Court will not equate "meritorious" with "winning" or "prevailing;"  it is more appropriate to read "meritorious" as "legitimate" or "justifiable."

The Debtor's answer responds to each of the enumerated allegations in the Plaintiff's complaint and raises factual disputes. The answer permits the Plaintiff to

identify the points of factual contention in the case, which is what all parties must do at this early stage of an adversary proceeding.

Even if the Court were required to apply the heightened standard of "meritorious defense" that the Plaintiff advocates, it is only one factor among many that the Court may consider. As the Eleventh Circuit has observed, "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (*quoting Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992)).

Here, the Debtor acted promptly to cure the default, the Debtor promptly filed an answer, and there is no true prejudice to the Plaintiff in that the case is barely two months old. In view of the strong public policy principle favoring resolution of a matter on the merits over default, the Court concludes that the Debtor should be permitted to defend. *See In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003); *Fla. Physician's Ins. Co. v. Ehler*s, 8 F.3d 780, 783 (11th Cir. 1993); *In re Gibbs*, 617 B.R. 736, 742 (Bankr. N.D. Ga. 2020); *In re Ali*, 2018 WL 3603021 *1 (Bankr. N.D. Ga. 2018).

Based on the foregoing, it is

ORDERED that the Debtor's motion to vacate entry of default is granted. The default entered July 14, 2021, is vacated.

**END OF ORDER**

**This Order has not been prepared for publication and is not intended for publication.**

**Distribution List**

Daniel L. Wilder
Emmett L. Goodman, Jr., LLC
Suite 800
544 Mulberry Street
Macon, GA 31201

W. Jeremy Salter
Salter Law Group, LLC
P. O. Box 609
Rome, GA 30162